■ JOHN B. WINSTON, Respondent, v MEZZANINE INVESTMENTS, L.P., et al., Appellants. [612 NYS2d 854] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered August 3, 1993, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS Court that the word "cumulative", as used in the definition of the term "Priority Return" in the limited partnership agreement, is ambiguous and its intended meaning cannot be construed as a matter of law. Concur—Rosenberger, J. P., Ross, Rubin, Nardelli and Tom, JJ.

■ MILDRED KNUTZEN, Appellant-Respondent, v BOARD OF MANAGERS, OLYMPIC TOWER CONDOMINIUM, Respondent-Appellant. [611 NYS2d 167] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 11, 1993, awarding plaintiff the sum of $84,178.43 against defendant, after an order of the same court entered October 5, 1992, which granted in part defendant's motion to set aside the jury verdict to the extent of reducing that portion of the verdict for damages for lost rent from $371,678 to $34,450, unanimously affirmed, without costs.

Plaintiff presented evidence sufficient to establish a prima facie case. However, the court properly reduced the damages for lost rent due to various water leaks since the verdict was " ' "so disproportionate to the injury as to not be within reasonable bounds" ' " (Knight v Long Is. Coll. Hosp., 106 AD2d 371, 372), as there was no adequate proof of permanent diminution of value to the apartment or that the apartment was uninhabitable. The court also properly refused to order an abatement since there was no showing of a continuous private nuisance (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569). Concur—Rosenberger, J. P., Ross, Rubin, Nardelli and Tom, JJ.